## Commonwealth v. Roma Bottling Works Co.

*Chidsey Fuss*, for Commonwealth.

*M. Clyde Sheaffer*, for defendant.

RICHARDS, P. J., April 11, 1960.—This is an appeal by the above defendant involving its tax liability under the Soft Drink Tax Law of May 14, 1947, P. L. 249. The tax was assessed by the Department of Revenue in the amount of $3,477.62, for the period extending from June 1947 to January 1949, both inclusive. Defendant petitioned for reassessment, which was refused. It then petitioned the Board of Finance and Revenue, which likewise refused to reduce the tax. This appeal followed. These procedural steps are all provided for by section 6 of the act. At the hearing before this court exhibits were introduced, including a stipulation of facts and an agreement to try the case without a jury under the Act of April 22, 1874, P. L. 109. Since there is no dispute as to facts, we adopt those set forth in the stipulation as the findings of fact by the court and incorporate them herein by way of reference.

The original act here involved of May 14, 1947, P. L. 249, became effective on June 1, 1947. The

amendment, June 21, 1947, P. L. 884, became effective June 21, 1947. Both acts, section 4, imposed a tax liability, inter alia, on manufacturers and bottlers of soft drinks. Section 5 provided that the payment of the tax should be evidenced by tax stamps or tax crowns affixed to the bottles within 24 hours after placing the drink therein. It is here to be observed that when the law became effective no tax stamps or crowns were available because the law was enacted on May 14, 1947, and became effective on June 1, 1947. Many manufacturers and bottlers, including this defendant, had stocks of crowns on hand on which the tax was not paid and had no redress save to use such crowns.

Section 7 of the Act of June 21, 1947, required that tax stamps and crowns should be purchased from the department. When so purchased, this section further provided:

"The department is hereby authorized and required to allow to each purchaser of tax stamps, or tax crowns, a discount of eight (8) per centum of the purchase price of the tax value of stamps or crowns purchased upon the payment by him into the State Treasury, through the department, of any moneys due the Commonwealth by reason of the sale, delivery or consignment to such purchaser of such stamps or crowns."

"The said discount shall be allowed by the department in lieu of any claim for refund by reason of, (1) the breakage or destruction of containers, stamped or crowned, as provided in this act, in possession of the purchaser, or (2) the loss or destruction of tax stamps or tax crowns."

Since the department had no tax stamps or crowns to sell, it sold none, and none, of course, were purchased. In lieu thereof, it allowed the tax payer the

choice of two methods of payment: (1) Prepayment of the tax with discount, or (2) postpayment of the tax without discount. The present defendant elected the latter method, but still wants the discount. This is the heart of the case.

The record before us shows that defendant paid the tax at the end of each month here involved, but in each case deducted the discount. The amount in controversy here is the total discount deducted for the period aggregating $3,477.62.

To us it seems clear that the discount was allowable only in case (1) of prepayment of the tax, (2) in recompense of breakage and destruction and (3) to avoid the necessity of petitions for refunds. This is what the act says.

When there is postpayment of the tax it has been established that the tax crowns and stamps were used and that there was no breakage or destruction. Hence, in that case, no discount should be allowed.

It is interesting to observe that section 5 (c) of the Act of June 21, 1947, has a provision which seems to precisely cover the present situation.

"(c) If it is established to the satisfaction of the department that due to economic conditions, or due to existing stocks of unstamped crowns in the possession of manufacturers or bottlers on the effective date of this act, or due to unavailability of material, it is impractical to use . . . tax crowns or stamps, the department is hereby authorized and required to provide by regulation some other means of evidence of payment of the tax imposed or assessed by this act."

As above mentioned, the statute here involved became effective so soon after its enactment that the department had no time even to prepare written rules and regulations. However, it did in fact advise the taxpayers of the two methods of payment, as out-

lined by us above. It seems to us that this is all that any taxpayer could reasonably expect the department to do under the circumstances.

We do not think it is necessary to give authority with reference to the interpretation of statutes when the meaning of the statute is clear. There may be a few other angles which could be discussed were it necessary, but we deem what we have said to be sufficient.

Defendant has presented requests for findings of fact. Upon examination of them, we discover that each of the requests so made are incorporated in the stipulation which we have already adopted as the findings of the court. Their conclusion of law is merely to the effect that they are entitled to the discount with which we are not in accord. Consequently, this conclusion is refused.

### Nisi Order

And now, to wit: April 11, 1960, the appeal is dismissed at the cost of defendant; judgment shall be entered in favor of the Commonwealth and against defendant in the amount of $3,477.62, unless exceptions be filed hereto within 30 days from this date.

The prothonotary is directed to notify the parties or their counsel of this decree forthwith.